PER CURIAM.
Appellant, S.G., sought the administrative expunction of her name from the Central Child Abuse Registry (Registry) pursuant to section 415.504(4)(d)3, Florida Statutes. At proceedings before Hearing Officer Claude Arrington, HRS introduced into evidence a dependency order entered by the circuit court in a parallel proceeding; however, HRS failed to argue collateral estoppel or res judicata. The hearing officer concluded that HRS did not satisfy its statutory burden of proof and recommended that the agency expunge S.G.’s name from the Registry. In entering a final order, the agency relied on Rule 10M-29.018, Florida Administrative Code, and concluded that the circuit court dependency order compelled a finding of neglect. The agency rejected the hearing officer’s recommendation and denied S.G.’s request.
As appellant correctly informs us, HRS repealed Rule 10M-29.018 several weeks before it entered its final order relying upon the rule. Regardless of whether an argument might be made to support application of the repealed rule, the agency erred in relying on the dependency order which was *244 the subject of a pending appeal and, thus, non-final. Indeed, within two weeks of the agency’s entry of its final order, the Third District Court of Appeal reversed and remanded the dependency order, 613 So.2d 1380. HRS has declined to file a brief in this appeal, leaving us without any insight into the agency’s present legal position. Below, however, the now-repealed rule represented the only basis for the agency’s disagreement with the hearing officer. In the absence of any argument that the rule could be applied on remand, we reverse and direct HRS to enter an order consonant with the conclusions of law reached by the hearing officer.
REVERSED.
KAHN, MICKLE and VAN NORTWICK, JJ., concur.